**In the Matter of Michael J. DeMEO, Jr., Debtor,**

**PHILLIPS PETROLEUM COMPANY, Plaintiff,**

v.

**Michael J. DeMEO, Jr., Defendant.**

**Bankruptcy No. 83–00761–BKC–SMW. Adv. No. 83–0524–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

July 25, 1983.

Arthur Neiwirth, Miami, Fla., for defendant.

Harry S. Raliegh, Jr., Fort Lauderdale, Fla., Stephen G. Penuel, Bartlesville, Okl., for plaintiff.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This cause came on for trial upon the Complaint of PHILLIPS PETROLEUM COMPANY, for declaratory relief, seeking a declaration that the Debtor had no interest in certain real property located in Broward County, Florida or in the alternative for relief from stay to permit eviction. The Debtor filed a Counterclaim and Third Party Complaint seeking to avoid, as a fraudulent transfer, a certain assignment from the Debtor to his brother, PHILIP J. DeMEO, and, further, seeking damages from PHILLIPS PETROLEUM COMPANY alleged to have resulted from a leakage of gasoline. The Court having heard testimony of witnesses for the parties, examined the evidence presented, observed the candor and demeanor of the witnesses, considered argument of counsel for the respective parties and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

This adversary proceeding is an action brought by the Plaintiff, PHILLIPS PETROLEUM COMPANY, seeking a declaration that the Debtor, MICHAEL J. DeMEO, JR., had no interest in a certain gasoline service station located at 1480 Hillsboro Boulevard, Deerfield Beach, Florida, by reason of an assignment of his interest to his brother, PHILIP J. DeMEO, in August of 1982, prior to the Debtor's Petition for Relief Under Title 11 of the United States Code. The Debtor, MICHAEL J. DeMEO, JR., filed a Counterclaim and Third Party Complaint against PHILLIPS PETROLEUM COMPANY, and PHILIP J. DeMEO seeking to avoid the assignment of his interest to his brother as a fraudulent conveyance under 11 U.S.C. Section 548 (1982). The Debtor also sought damages from PHILLIPS PETROLEUM COMPANY for loss of petroleum product alleged to have occurred as a result of leaks in the fuel storage tanks or underground supply lines on the subject premises, the maintenance of which was alleged to have been the responsibility of PHILLIPS PETROLEUM COMPANY.

At all times material to this action, PHILLIPS PETROLEUM COMPANY leased the subject service station property located at 1480 Hillsboro Boulevard, Deerfield Beach, Florida. The Debtor, MICHAEL J. DeMEO, JR., subleased this property from PHILLIPS PETROLEUM COMPANY and operated the premises as a

PHILLIPS PETROLEUM COMPANY service station pursuant to a Renewal Dealer Agreement entered between PHILLIPS PETROLEUM COMPANY and the Debtor dated May 19, 1980.

At all times material to this cause, the Debtor purchased gasoline from Como Oil Company, a independent wholesaler of Phillips Petroleum Products, which gasoline the Debtor in turn sold at the service station.

During the several months leading up to August of 1982, the Debtor fell behind with respect to his payments for gasoline sold and delivered to him by Como Oil Company. As a result of this arrearage, representatives of Como Oil Company advised the Debtor that they would no longer be in a position to furnish petroleum products to him or at least could no longer furnish petroleum products to him other than on a cash on delivery basis. At this juncture, the Debtor and his brother, PHILIP J. DeMEO, made inquiry to representatives of Como Oil Company as to whether or not petroleum could be delivered to the Debtor on the account of his brother, PHILIP J. DeMEO. Como Oil Company agreed to furnish petroleum products to the Debtor on the account of PHILIP J. DeMEO provided the Renewal Dealer Agreement with PHILLIPS PETROLEUM COMPANY was assigned to PHILIP J. DeMEO.

As a result of these conversations with Como Oil Company, the Debtor approached PHILLIPS PETROLEUM COMPANY requesting its approval of an assignment of the Renewal Dealer Agreement. On August 30, 1982, the Renewal Dealer Agreement was assigned by the Debtor, MICHAEL J. DeMEO, JR., to his brother, PHILIP J. DeMEO, and approved by PHILLIPS PETROLEUM COMPANY to be effective September 8, 1982.

Subsequent to the assignment, the Debtor, MICHAEL J. DeMEO, JR. continued to operate the premises as a Phillips Petroleum Company service station.

Pursuant to the Renewal Dealer Agreement, rent payments became due on August, September and October 22, 1982, but were not paid by either the Debtor or PHILIP J. DeMEO. On November 5, 1982 PHILLIPS PETROLEUM COMPANY sent a notice of its intention to terminate the Renewal Dealer Agreement to PHILIP J. DeMEO at the service station address. Thereafter the rent coming due for August 22, 1982 was paid and the Debtor and his brother approached representatives of PHILLIPS PETROLEUM COMPANY to inquire as to whether PHILLIPS would be willing to sell its leasehold interest and extend the termination date set forth in the November 5th notice. PHILLIPS agreed to extend the termination date until February 11, 1983 and to allow an additional 45 days for PHILIP J. DeMEO to close on a purchase of the leasehold interest provided all rent was brought current by February 11, 1983. A notice of this extension was mailed to PHILIP J. DeMEO at the service station premises on February 2, 1983. No further rent was paid on the subject premises through and including February 11, 1983 and the Debtor and his brother, PHILIP J. DeMEO again approached PHILLIPS PETROLEUM COMPANY to request an additional extension of time. On February 16, 1983 a letter agreement was entered into between PHILIP J. DeMEO and PHILLIPS PETROLEUM COMPANY whereby an additional extension of time was granted until February 22, 1983 within which to bring the rent current.

On February 21, 1983, MICHAEL J. DeMEO, JR. tendered a check to PHILLIPS PETROLEUM COMPANY in payment of the rent due September 22, 1982, but no further payments were made on the rent accruing October 22, 1982 nor any subsequent month through the date of these proceedings.

On March 3, 1983, PHILLIPS PETROLEUM COMPANY commenced an eviction action in the County Court in and for Broward County, Florida against the Debtor and his brother, PHILIP J. DeMEO, and on May 5, 1983 the Debtor, MICHAEL J. DeMEO, JR., filed his Petition for Relief Under 11 U.S.C. Chapter 11. Thereafter, PHILLIPS PETROLEUM COMPANY commenced these proceedings, seeking declaratory relief.

The Debtor initially contended in his pleadings that PHILLIPS PETROLEUM

COMPANY advised him that he owed approximately $35,000.00 for back fuel deliveries and refused to sell or furnish any further fuel to the Debtor unless the Renewal Dealer Agreement was assigned to his brother, PHILIP J. DeMEO. These allegations in the Debtor's answer were withdrawn in open court and the evidence showed that PHILLIPS PETROLEUM COMPANY had not supplied fuel to the Debtor and the Debtor did not owe PHILLIPS PETROLEUM COMPANY for that fuel. The deposition testimony of MICHAEL J. DeMEO, JR. revealed that the suggestions regarding the assignment of the Renewal Dealer Agreement to his brother were raised as a result of conversations with representatives of Como Oil Company and that it was the Debtor, MICHAEL J. DeMEO, JR., who approached PHILLIPS PETROLEUM COMPANY concerning the assignment.

The testimony at trial revealed that PHILLIPS PETROLEUM COMPANY had knowledge that the Debtor continued to operate the service station premises, however, no evidence was submitted which established that the assignment was anything but what it purported to be—an assignment of all of the debtors right, title and interest under the Renewal Dealer Agreement to his brother, PHILIP J. DeMEO. PHILLIPS PETROLEUM COMPANY approved the assignment, because such approval, by the terms of the Renewal Dealer Agreement, could not be unreasonably withheld.

The Debtor pled and argued that PHILLIPS' acceptance of the September 22, 1982 rent from the Debtor, MICHAEL J. DeMEO, JR. on February 21, 1983 constituted a waiver of its right to terminate the lease. The evidence showed, however, that said rent was accepted on the day prior to the termination date set forth in the February 16, 1983 letter agreement between PHILIP J. DeMEO and PHILLIPS PETROLEUM COMPANY. By the terms of that agreement PHILIP J. DeMEO agreed to surrender possession of the subject premises on February 22, 1983 if all back rent payments were not brought current. In addition, pursuant to paragraph 13 of the Renewal Dealer Agreement, "PHILLIPS' acceptance of

rental or delivery of any refined petroleum products, tires, batteries, accessories or other goods of any kind or nature to dealers [would] not operate to continue, renew or extend [the] agreement." Consequently, even if PHILLIPS PETROLEUM COMPANY had accepted a partial payment of the rent subsequent to the termination date, such acceptance would not under Florida law constitute a waiver of the termination. See *Philpot v. Bouchelle,* 411 So.2d 1341 (Fla. 1st DCA 1982).

In light of the foregoing the Court finds that a valid assignment of the Renewal Dealer Agreement and the Debtor's interest in the subject property was effected on August 30, 1982, over eight months prior to the Debtor's Petition for Relief Under 11 U.S.C. Chapter 11 and the assignment was entered into without coercion of the Debtor by PHILLIPS PETROLEUM COMPANY. To the extent that any consideration for the assignment was necessary it was provided by PHILIP J. DeMEO's agreement to allow gasoline to be supplied to the service station on PHILIP J. DeMEO's credit and account with Como Oil Company. The assignment, therefore, constituted a valid and binding assignment terminating the Debtor's interests in the subject property and the Renewal Dealer Agreement.

With regard to Count I of the Debtor's counterclaim seeking to set aside the assignment to his brother, PHILIP J. DeMEO, the Court finds that the Debtor, MICHAEL J. DeMEO, JR., lacks standing to avoid such conveyance.

Pursuant to 11 U.S.C. § 103(a), Chapter 5 of Title 11 United States Code is made applicable to Chapter 11 Reorganization Proceedings. While 11 U.S.C. § 1107(a) give a Chapter 11 Debtor-in-Possession the rights of a trustee appointed under Chapter 11, the Debtor's avoidance powers which derive from 11 U.S.C. § 548 are subject to the limitations provided in 11 U.S.C. § 522(h) and (g). *See, In re Saberman,* 3 B.R. 316, 1 CBC 671 (Bkrtcy.N.D.Ill. 1980) and *In re Shepherd,* 12 B.R. 151, 4 CBC 1479 (D.E.D.Pa.1981). Under § 522(h) a Debtor may avoid a transfer of property of the Debtor or recover a set-off only to

the extent that the Debtor could have exempted such property under § 522(g)(1). The interests in the Renewal Dealer Agreement and the service station assigned by the Debtor were neither exempt property nor claimed to be exempt property.

 In addition, notwithstanding the non-exempt nature of the property, 11 U.S.C. § 522(h) limits the Debtor's avoidance power to property which could have been exempted under 11 U.S.C. § 522(g)(1). Under 11 U.S.C. § 522(g)(1) a Debtor is authorized to avoid such a transfer only if it was involuntary. As noted above, no evidence was presented to show that PHILLIPS PETROLEUM COMPANY in any way coerced or pressured the Debtor into assigning the subject lease to his brother. The most that can be said of the process by which the assignment was accomplished is that it was done in order to preserve the Debtor's credit with his gasoline supplier, Como Oil Company. As was held in *In re Echoles,* 21 B.R. 280 (Bkrtcy.D.Ariz.1982), a transfer to preserve a Debtor's credit, in the absence of pressure or harassment by the transferee, is not involuntary. In light of the foregoing, the Debtor, MICHAEL J. DeMEO, JR. lacks standing to avoid the transfer to his brother.

The Debtor offered various documents purporting to represent measurements of the fuel levels in his fuel tanks and fuel deliveries made between November 13, 1981 and January 27, 1982 in support of his contention that fuel was leaking from the tanks and/or supply lines at the service station which were the responsibility of PHILLIPS PETROLEUM COMPANY. The only expert testimony presented with regard to this issue, however, was that offered by PHILLIPS PETROLEUM COMPANY. The testimony showed that representatives of Sanchez Equipment Company and R.D. Clark, Inc. performed tests on the meters, supplies lines and fuel tanks in January and February of 1982. The results of those tests showed that no fuel was leaking from the tanks or fuel lines and that the totalizer meters were properly calibrated. By reason of the foregoing, the Debtor failed to sustain his burden of proof with regard to Count II of the Counterclaim.

Insofar as Count II may be deemed a defense to PHILLIPS PETROLEUM COMPANY's Complaint, Florida law provides that a landlord's breach of a covenant to repair premises will not absolve the tenant from his obligations to pay rent if, notwithstanding the landlord's breach, the tenant remains in possession. *See, Masser v. London Operating Co.,* 106 Fla. 474, 145 So. 79 (1932) and *City of Miami Beach v. Ellis,* 279 So.2d 335 (Fla. 3d DCA 1973).

The Court concludes that the Debtor, MICHAEL J. DeMEO, JR., has no interest in the service station premises located at 1480 East Hillsboro Boulevard, Deerfield Beach, Florida, nor in the Renewal Dealer Agreement dated May 19, 1980, and, therefore, the automatic stay provisions of 11 U.S.C. § 362 do not bar PHILLIPS PETROLEUM COMPANY from proceeding with its eviction action in the state court; the Debtor, under the restrictions of 11 U.S.C. § 522, lacks standing to avoid the assignment of the Renewal Dealer Agreement to his brother, PHILIP J. DeMEO; and, finally, the Debtor failed to sustain his burden with regard to his claim of lost gasoline from the tanks and supply lines located on the service station premises.