**In re Francis C. TERRY and Cena J. Terry, Debtors.**

**Francis C. TERRY and Cena J. Terry, Plaintiffs,**

v.

**WITTEN & CARTER, P.C., Defendant.**

**Bankruptcy No. 85–137.**
**Adv. No. 85–0067.**

United States Bankruptcy Court, D. Vermont.

Jan. 3, 1986.

Richard Smith, Rutland, Vt., for debtors.

Witten & Carter, P.C., Manchester, Vt., pro se.

## FINDINGS AND ORDER

FRANCIS G. CONRAD, Bankruptcy Judge.

This adversary proceeding is before the Court on debtor-plaintiffs' complaint to set aside a mortgage deed voluntarily conveyed by debtors to the defendant within 90 days of the filing of debtors' Chapter 7 petition. Debtors assert that the granting of a mortgage deed within 90 days is a preference within the ambit of 11 U.S.C. Section 547 or, in the alternative, an impairment of their homestead exemption under 11 U.S.C. Section 522. We dismiss the complaint because the debtors lack standing to bring the action.

After a pre-trial conference, the parties agreed to submit the matter to the Court on the pleadings and memoranda of law. The relevant facts are not in dispute.

In their individual capacities, debtors engaged the defendant, a law firm, to perform legal services, in connection with a business they operated with others as a partnership. After a closing on the sale of the partnership assets, defendant commenced a lawsuit in a Vermont court against the debtors to collect an outstanding legal bill. The debtors settled the lawsuit and executed a promissory note and a Vermont mortgage deed to the defendant on June 14, 1985, a transfer within the meaning of 11 U.S.C. Section 101(48). Neither party disputes the adequacy of consideration or the propriety of the instruments. The facts present two issues: (1) Was the execution of the promissory note and mortgage in settlement of a lawsuit a voluntary act? (2) If it was a voluntary act, does the debtor have standing to bring this action?

Finding voluntary action by the debtors is crucial to this case. The complaint was framed as a preference action under 11 U.S.C. Section 547(b) which impairs an exemption under Section 522. Defendant answered appropriately and both parties addressed the statutory defenses of 11 U.S.C. Section 547(c) in their pleadings and memoranda of law.

Neither party, however, addressed the debtors' ability to use the trustee's avoiding powers to recover property the debtors may exempt under 11 U.S.C. Section 522(b). Because the issue goes to the jurisdiction of the Court, we are required to consider it. *Texas & P.R. Co. v. Gulf C. & S. F.R. Co.* 270 U.S. 266, 46 S.Ct. 263, 70 L.Ed. 578 (1925). A debtor is granted avoiding powers under the Code. Some, like those found in 11 U.S.C. Section 522(f), are powers of the debtor alone. Others, like the poorly drafted avoiding powers of 11 U.S.C. Section 522(h), derive from the powers of the trustee in bankruptcy.

Section 522(h) of 11 U.S.C. describes the transfers of property that a debtor may avoid. It provides:

The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—

(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title [11 USCS Section 544, 545, 547, 548, 549, or 724(a) ] or recoverable by the trust-

**540**

ee under section 553 of this title [11 USCS Section 553]; and

(2) the trustee does not attempt to avoid such transfer.

Section 522(h) is limited by the provision of Section 522(g), which requires that·in order for the debtor to exempt property from the estate, the property must have been both involuntarily transferred by the debtor and not concealed by the debtor. Subsections (g) and (h) of Section 522 are not provisions that enable the debtor to bring property into the estate, but are specific restrictions on the debtor's general power to exempt estate property. *In the matter of Wilson,* 694 F.2d 236 (11th Cir.1982).

The debtors executed the promissory note and mortgage deed in settlement of a lawsuit. Debtors disclosed the promissory note and mortgage deed on their joint petition, and thus debtors did not conceal the property. The remaining limiting provision of Section 522(g) to be satisfied is the involuntariness of the transfer. The Bankruptcy Code, unfortunately, does not address the issue of voluntariness, nor does it define the term "voluntary". Legislative history provides the example of the fixing of a judicial lien as an involuntary transfer. See 124 Cong.Rec. H 11, 095 (Sept. 28, 1978); S 17, 412 (Oct. 6, 1978); but Congress addressed judicial liens specifically in 11 U.S.C. Section 522(f). The term is left to the Courts to interpret. The decisions that interpret 11 U.S.C. Section 522(g)(1) suggest that there is a spectrum from voluntary at one end to involuntary at the other, and various intervening shades. *In re Tackett,* 21 B.R. 107 (Bkrtcy.D.N.M. 1982). The few cases interpreting what a voluntary act is under Section 522(g)(1) do not help us. See *In re Wilson,* 6 B.R. 333, 6 B.C.D. 1125, Bkrtcy.L.Rep. p. 67, 668 (Bkrtcy.M.D.Fla.1980), aff'd 16 B.R. 870, (M.D.Fla.1982), rev. and Remanded on other grounds, 694 F.2d 236 (11th Cir.1982); *Styler v. Local Loan Financial Services,* 6 B.R. 576, 6 B.C.D. 1208 (Bkrtcy.S.D.Utah 1980); *In re Reaves v. Sunset Branch, National Bank of South Dakota,* 8 B.R. 177, 7 B.C.D. 327 (Bkrtcy.D.S.D.1981); *Phillips Petroleum Company v. Michael*

*J. DeMeo, Jr., (In re DeMeo),* 31 B.R. 905 (Bkrtcy.S.D.Fla.1983); *Evingham v. Trucking Affiliates of Central New York Credit Union,* 27 B.R. 128 (Bkrtcy.W.D.N. Y.1983).

■ The transfer at issue here settled litigation between the parties. The law favors resolving controversies through compromise and settlement rather than through litigation. *Williams v. First National Bank,* 216 U.S. 582, 592, 30 S.Ct. 441, 444, 54 L.Ed. 625 (1910). Settlement of litigation is usually a compromise of disputed liability by the parties and is favored as a matter of public policy. *Smith v. Munro,* 134 Vt. 417, 365 A.2d 259, (1976).

The settlement of a lawsuit embodies the essence of freedom of choice. Rather than have a court of competent jurisdiction or a jury adjudicate the dispute, the parties to a settlement choose to compromise, ending the litigation themselves and eliminating an uncertain outcome. A compromise or settlement agreement is a contract, and as such, requires the necessary ingredients of contractual formation, including freedom from duress or force. No party to this proceeding, either in pleading or memoranda, has suggested that a valid compromise was not made by the parties. Therefore, we can only conclude that the debtors settled the lawsuit brought against them by their former attorneys purposefully, knowingly, and intelligently, of their own violation, in other words, as a voluntary act.

■ Having found that the transfer by debtors was a voluntary act, we cannot hear the debtor's preference action because the debtor is not a real party in interest as that term is used in F.R.Civ.P. 17(a). A party authorized by statute is the real party in interest. When a statute creates a cause of action and designates the persons who may sue, none but the persons so designated have the right to bring the action. *Boeing Airplane Co. v. Perry,* 322 F.2d 589 (10th Cir.1963), cert. den. 375 U.S. 984, 84 S.Ct. 516, 11 L.Ed.2d 472. Section 547 of 11 U.S.C. authorizes the trustee to avoid a preference. Section 522(h) and (g)

of 11 U.S.C. bars a Chapter 7 debtor from bringing the preference action if the transfer to be avoided was voluntary. Accordingly, debtors have no standing to bring this adversary proceeding.

We do not decide now if the transfer was for an antecedent debt or if the transfer could be avoided if the trustee brought the action. That decision is reserved, should the trustee bring the matter before the Court.

Now, Therefore,

It is ORDERED that the debtors' Adversary Proceeding, Case No. # 85–0067, is dismissed, without prejudice.