**In the Matter of Jerry Daniel WILSON, Debtor.**

**Bankruptcy No. 79–1630 C.**

United States Bankruptcy Court, M. D. Florida, Tampa Division.

Oct. 9, 1980.

Walter Sudbury, Riverview, Fla., trustee.

Jary C. Nixon, Tampa, Fla., for trustee.

Dennis Horton, Clermont, Fla., for debtor.

## ORDER ON TRUSTEE'S OBJECTION TO LISTED EXEMPT PROPERTY

ALEXANDER L. PASKAY, Chief Bankruptcy Judge.

THE MATTER under consideration is the right of Jerry Daniel Wilson, (the Debtor) involved in the above–captioned liquidation proceeding to claim as exempt the sum of $704 in addition to the items previously claimed by him when he filed his schedules initially. The Trustee challenges the Debtor's right to claim this exemption. The facts relevant to this controversy can be summarized as follows:

On March 4, 1980, the Debtor filed his voluntary petition under Chapter 7 of the Code. The Statement of Affairs filed by the Debtor reveals that the Debtor paid his counsel of record, Dennis L. Horton, $1,500 plus $60 for the preparation and filing of the Debtor's voluntary petition. In due course, Walter Sudbury was appointed as interim trustee and later was appointed as trustee and challenged the reasonableness of the attorney fee paid by the Debtor to his counsel and sought a re–examination of same pursuant to § 329(b) of the Bankruptcy Code and Bankruptcy Rule 220.

On May 27, 1980, this Court entered an order and held that the $1,500 fee paid by the Debtor to his attorney was excessive and that the reasonable amount of the fee should not exceed the sum of $750. Accordingly, the Debtor's attorney was ordered to refund the excess compensation. Shortly thereafter the Debtor filed an amendment to the B–4 Schedule and claimed as an additional exemption, the sum of $704, i. e. money his attorney refunded to the estate.

It is the Trustee's contention that the Debtor is not entitled to the claimed exemption because the returned sum of money was not "property of the estate" on the date of commencement of this case, because the Debtor on the filing date had no cognizable legal or equitable ownership interest in these monies already voluntarily paid to his attorney.

It is without doubt that under § 541(a) of the Bankruptcy Code, the filing date of a case commenced under §§ 301, 302, or 303 with possible exceptions not relevant here, i. e. §§ 541(b); 541(c)(2), represents the point of cleavage. Accordingly, whether or not specific properties become part of the debtor's estate is dependent on whether or not the debtor had any cognizable legal or equitable interest in such properties on the filing date. § 541(a).

The debtor's exemption rights are governed by § 522 of the Bankruptcy Code. That Section permits a debtor, under certain conditions and with certain limitations, to claim as exempt certain types of properties of the estate, either under the applicable federal or, if displaced by state legislation, under the applicable state exemption laws.

It is clear, however, that before a property can be claimed as exempt, the property must be property of the estate on the date the Debtor commenced his case. It needs no elaborate discussion or extensive citations of authority to point out the obvious that monies paid by the Debtor to his attorney prior to the institution of the proceedings were no longer properties in which the Debtor retained any cognizable legal or equitable ownership interest. Thus, such monies never became part of his estate. From all this it follows that unless the savings proviso of § 522(g) applies, the Debtor cannot claim the monies refunded by the attorney to the estate as exempt. Section 522(g) of the Code permits a debtor under certain conditions to claim as exempt, properties which have been recovered by the Trustee under his special voiding powers, to the extent that the debtor could have exempted such properties, but for the transfer.

The savings proviso of this Section applies only, however, if the transfer recovered by the Trustee was not a voluntary transfer. § 522(g)(1)(A). It cannot be gainsaid that a payment made by the Bank-

rupt to his attorney for his services in connection with the bankruptcy proceeding was not a voluntary transfer. Thus, by virtue of the express terms of § 522(g), the monies recovered by the Trustee from the Debtor's attorney cannot be claimed as an additional exemption as a matter of law.

In light of the foregoing, it is unnecessary to consider the fact that if this additional exemption would be allowed, it would be in excess of the exemptions available to debtors in the State of Florida, i. e. $1,000 in personal properties.

In accordance with the foregoing, it is

ORDERED, ADJUDGED AND DE-CREED that the Trustee's Objection to Listed Exempt Property be, and the same hereby is, sustained. It is further

ORDERED, ADJUDGED AND DE CREED that the Debtor's exemption claim be, and the same hereby is, disallowed.