**Jerry Daniel WILSON, Bankrupt/Appellant,**

v.

**Walter SUDBURY, Trustee/Appellee.**

**No. 80–1191 Civ T–K.**

United States District Court, M. D. Florida, Tampa Division.

Jan. 4, 1982.

Dennis L. Horton, Clermont, Fla., for debtor.

Jary Nixon, Tampa, Fla., for trustee.

Walter Sudbury, Riverview, Fla., trustee.

ORDER

KRENTZMAN, Chief Judge.

This is an appeal from an order entered by the Bankruptcy Court, Paskay, J., on October 9, 1980. *In Re Wilson*, 6 B.R. 333 (Bkrtcy.M.D.Fla.1980). Appellant debtor filed a petition under Chapter 7 of the new Bankruptcy Code.[1] Before doing so, how-

---

1. This case is governed by the new Bankruptcy Code. See Pub.L.No. 95–598, § 403(a), 92 Stat. 2549, 2683 (1979).

ever, he paid his attorney $1,500 to prepare and file the petition. The trustee challenged the reasonableness of the attorney's fee pursuant to 11 U.S.C.A. § 329 (West 1979), and the Bankruptcy Court held that the amount was indeed excessive. The Court directed debtor's attorney to refund $750 of the amount, and this was done. Thereafter, debtor amended his B–4 schedule to claim an additional exemption of $704 out of the money refunded by the attorney. The Bankruptcy Court sustained the trustee's objection to this exemption, and debtor appeals.

■ This Court affirms the Bankruptcy Court for the reasons stated in that court's opinion. Exemptions may be claimed only with regard to "property of the estate." 11 U.S.C.A. § 522(b) (West 1979). Section 541(a), 11 U.S.C.A., defines "property of the estate" as of the date the case was commenced. The money refunded by debtor's attorney was clearly not "property of the estate" on that date, since it was then in the hands of the attorney as payment for services. Thus, unless one of the savings clauses applies, the refunded money is not "property of the estate," and is therefore not available for exemptions.

The parties agree that section 522(g) cannot bring the funds back into the estate. That section provides that property recovered under certain enumerated avoidance powers becomes "property of the estate," but section 329 is not listed as one of the powers to which 522(g) applies. Moreover, as Judge Paskay noted, section 522(g) applies only when an involuntary transfer is recovered by the trustee. 11 U.S.C.A. § 522(g)(1) (West 1979).

The debtor argued at hearing, however, that section 541(a)(7) works to include the refunded attorney's fee in the estate for exemption purposes. This argument sweeps too broadly. Several circumstances exist in which property returns to the estate after commencement of the case but is not available for exemption. E.g. 11 U.S. C.A. § 548 (West 1979). Section 541(a)(7) was not designed to bring all property 'acquired after commencement of the case' back into the estate. Rather, it was designed to flesh out 541(a) and ensure that the section would be read broadly, unrestricted by extraneous principles from other areas of law such as the commercial law definition of "proceeds." See 11 U.S.C.A. § 541(a)(6) (West 1979); S.Rep.No. 95–989, 95th Cong., 2d Sess. 83 (1978), U.S.Code Cong. & Admin.News p. 5787, reprinted in Appendix 3 Collier on Bankruptcy at V–2 (15th Ed. 1981).

■ Thus, neither of these provisions brings the refunded fee into the definition of "property of the estate." The debtor suggests that this result is inconsistent with the policies behind section 329, arguing that judicial review of pre-petition attorney's fees under section 329 was designed to prevent overreaching of the debtor by his attorney, and that the debtor should therefore not be penalized as a consequence of such a transfer. Fear of overreaching was indeed one of the motivating forces behind enactment of section 329, but the provision was also designed to prevent a debtor and his attorney from defrauding the estate by artificially inflating the fee. See H.R. Rep.No. 95–595, 95th Cong., 1st Sess. 329 (1977), reprinted in Appendix 2 Collier, supra part II; S.Rep.No. 95–989, 95th Cong., 2d Sess. 39 (1978), reprinted in Appendix 3 Collier, supra part V. Although there is no evidence that such an arrangement was made in this case, this alternative goal explains Congress' decision not to allow exemptions with regard to refunded fees. The result in this case is therefore consistent with the policy of section 329.

Accordingly, the Court is of the opinion that the decision of the Bankruptcy Court should be, and it is hereby AFFIRMED.