PER CURIAM:
 

 This is an appeal from the district court’s affirmance of a bankruptcy court order denying debtor’s request for exemption of money returned to the bankrupt’s estate as excess attorney’s fees.
 
 In re Wilson,
 
 6 B.R. 333 (Bkrtcy.M.D.Fla.1980),
 
 aff’d sub nom. Wilson v. Sudbury,
 
 16 B.R. 870 (M.D.Fla.1982).
 

 Debtor paid his attorney $1,500 to prepare and file a petition in bankruptcy under Chapter 7 of the Bankruptcy Code. During the bankruptcy proceeding the trustee challenged the reasonableness of the debtor’s attorney’s fees.
 
 See
 
 11 U.S.C. § 329. The bankruptcy court held the fee excessive and directed debtor’s attorney to refund $750. Debtor then amended his list of exempt property to include a claim for $704 of the $750 as exempt. Trustee objected to this exemption on the ground that returned attorney’s fees are not property of the estate available for exemption. Trustee argued in the alternative that, even if the exemption is available, debtor can only claim $329 of the refund since any additional amount would exceed the allowable $1,000 personal property exemption.
 
 [1]
 

 The bankruptcy court sustained the trustee’s objection, holding that the refunded fee never became property of the estate and, therefore, could not be claimed as exempt property by the debtor under 11 U.S.C. § 522(b). The court reasoned that the only way a debtor could claim an exemption in such property was through the “savings proviso” of section 522(g).
 
 [2]
 
 Since the debtor’s original transfer of the property had been voluntary, the bankruptcy court concluded as a matter of law that refunded attorney’s fees were not susceptible to a debtor’s exempt property claim “by virtue of the express terms of § 522(g).”
 
 In re Wilson,
 
 6 B.R. at 335.
 

 On appeal the district court affirmed the bankruptcy court, holding (1) that the refunded fees were not part of the estate on the date the case was commenced; and (2) that section 522(g) was unavailable to bring the funds into the estate, because that section does not apply to property refunded under section 329.
 
 [3]
 
 The court rejected as sweeping “too broadly” the debtor’s argument that section 541(a)(7)
 
 [4]
 
 includes the
 
 *238
 
 funds in the bankrupt’s estate.
 
 Wilson v. Sudbury,
 
 16 B.R. at 871.
 

 To buttress its conclusion that section 541(a)(7) does not operate to include attorney’s fees in the estate, the district court explained that the section was “not designed to bring all property ‘acquired after commencement of the case’ back into the estate. Rather, it was designed to flesh out 541(a) and ensure that the section would be read broadly, unrestricted by extraneous principles from other areas of law .... ”
 
 Id.
 
 The court also noted that “[sjeveral circumstances exist in which property returns to the estate after commencement of the case but is not available for exemption.”
 
 Id.,
 
 citing 11 U.S.C. § 548 as an example.
 

 We do not find the district court’s reasoning persuasive. Although we agree that section 541(a)(7) does not render every “interest in property that the estate acquires after the commencement of the case” available for the debtor’s exemption claims, we find that section 541(a)(7) does bring into the estate every such interest not covered by a specific statutory provision mandating some other treatment. Section 548, the example offered by the district court, is one such specific provision.
 
 [5]
 
 If refunded attorney’s fees are not property of the estate, the trustee has no authority to dispose of them since the trustee serves as representative of the estate, 11 U.S.C. § 323(a), and no other provision of the code acts to place the refunded fees within the trustee’s control.
 
 [6]
 

 We also find that the district court’s emphasis on defining the estate as of the date the case was commenced carries little weight, since the general timing restriction of section 541(a) applies to subsections 541(a)(1) and (a)(2) but not to section 541(a)(7). The property of the estate, in-eluding property added to the estate after commencement of the proceeding under subsections 541(a)(3) through (aX7), is “property of the estate” and can be claimed by the debtor as exempt under section 522(b). Section 522(b) enables the debtor to claim exemptions from “property of the estate,” and section 522(b) itself includes no time limitation which would bar the debtor from claiming as exempt any property which became property of the estate after commencement of the suit.
 

 The district and bankruptcy courts both stressed that section 522(g) does not apply to attorney’s fees and thus cannot “bring the funds back into the estate.” While we agree that subsection (g) does not allow the debtor to exempt the excess attorney’s fees, it does not prohibit the exemption either. It is simply inapplicable in this case. Subsections (g), (h) and (i) of section 522 are better viewed not as provisions which enable the debtor to bring property into the estate but as specific restrictions on the debtor’s general power to exempt estate property. This power is codified in section 522(b). These restrictions only affect the debtor’s ability to exempt property brought into the estate under certain of the trustee’s avoiding powers. The fact that attorney’s fees, which are not subject to the trustee’s avoiding powers, are not mentioned in these subsections therefore has no relevance to the debtor’s ability to exempt them.
 

 We have little doubt that the debtor could also claim an exemption to which he was otherwise entitled in property entering the estate under other sections such as section 363(n) (avoidance by a trustee of a collusive sale). Thus, as is the case with other properties of the estate not governed by specific restrictions, refunded attorney’s
 
 *239
 
 fees become general property of the estate available to the debtor to fund exemptions to which he is otherwise entitled.
 
 [7]
 

 Accordingly, the order of the district court is reversed and the case is remanded to the district court for further proceedings consistent with this opinion.
 

 REVERSED and REMANDED.
 

 [1]
 

 . Florida has opted out of the exemptions available under 11 U.S.C. § 522(b).
 
 See
 
 Fla.Stat. Ann. § 222.20 (West Supp.1981). Therefore the only exemptions available to the debtor are the homestead exemption and the $1,000 personal property exemption under Florida law.
 
 See
 
 Fla. Const, art. 10, § 4(a)(1) & (2).
 

 [2]
 

 . 11 U.S.C. § 522(g) provides:
 

 Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—
 

 (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
 

 (B) the debtor did not conceal such property; or
 

 (2) the debtor could have avoided such transfer under subsection (f)(2) of this section.
 

 [3]
 

 . Section 522(g) by its own terms applies only to property the trustee recovers under 11 U.S.C. § 510(c)(2), 542, 543, 550, 551, or 553.
 
 See
 
 note 2
 
 supra.
 

 [4]
 

 . 11 U.S.C. § 541(a)(7) provides;
 

 (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:
 

 
 *238
 
 (7) Any interest in property that the estate acquires after the commencement of the case.
 

 [5]
 

 . Since the issue is not before us, we do not consider whether the trustee has the power to avoid a debtor’s transfer of money to his attorney on the grounds that the transfer was fraudulent and should be controlled by II U.S.C. § 548 rather than § 329.
 

 [6]
 

 . We note that in a rare instance the trustee has limited power to dispose of property which is not property of the estate.
 
 See, e.g.,
 
 II U.S.C. § 363(n) (allowing the trustee to dispose of all the interests in property including that of co-owners).
 

 [7]
 

 . Although not a part of the legislative history of the Bankruptcy Code and thus technically not reflective of congressional intent, both houses of Congress passed bills which resolved ambiguity concerning the treatment of refunded attorney’s fees. The bills amended section 329(b) and, in some cases, section 541(a)(3) to more clearly place refunded attorney’s fees within the estate. See Bankruptcy Technical Amendments Act of 1980, S. 658, 96th Cong., 2d Sess. (passed by Senate Sept. 9, 1979; passed by House in a differing version Sept. 22, 1979)
 
 (house version reprinted in
 
 H.R. 96-1195, 96th Cong., 2d Sess. 46, 81 (1980)). Other bills use the same or similar language. See,
 
 e.g.,
 
 H.R. 3705, 97th Cong., 1st Sess. at 5 (1981); S. 3259, 96th Cong., 2d Sess. (passed by Senate, Dec. 9, 1980) at 8; H.R. 5774, 96th Cong., 1st Sess. at 10.