886 F.2d 1011
 21 Collier Bankr.Cas.2d 849, 19 Bankr.Ct.Dec. 1415,
Bankr. L. Rep. P 73,162
 In re George R. HARRIS and Sharon A. Harris, Debtors.
Phillip D. ARMSTRONG, Trustee of the Estate of George R.
Harris, Sharon A. Harris, Appellant,
v.
George R. HARRIS, Sharon A. Harris, Appellees.
 No. 88-5444.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 10, 1989.
Decided Sept. 26, 1989.
 
 Phillip D. Armstrong, Minot, N.D., for appellant.
 Kent Johnson, Minot, N.D., for appellees.
 Before JOHN R. GIBSON, Circuit Judge, HEANEY, Senior Circuit Judge, and MAGILL, Circuit Judge.
 MAGILL, Circuit Judge.
 
 
 1
 The trustee in bankruptcy appeals the district court's decision affirming the bankruptcy court's order allowing the debtors' claim for exemption of postpetition, postconversion proceeds from the leasing of estate farmland. We reverse.
 
 I.
 
 2
 The debtors, George R. and Sharon A. Harris, filed a voluntary chapter 11 petition on November 17, 1986. Among their assets at the time of petition were several parcels of farmland mortgaged to a bank. The debtors had no equity in the farmland and did not claim the land as exempt. On November 19, 1987, the debtors voluntarily converted their case to chapter 7. Having obtained relief from the automatic stay, the bank commenced foreclosure proceedings which led to a foreclosure sale of the farmland in March 1988. On March 7, 1988, the trustee filed notice of intent to lease the farmland for the 1988 crop season. The debtors submitted the highest bid and began leasing the land. On May 3, 1988, the debtors amended their schedule of exemptions to claim as exempt the rights of redemption in the farmland. By so doing, they sought to exempt $7,860 of the rental proceeds pursuant to N.D.Cent.Code Secs. 28-22-03 and 28-22-03.1 (Supp.1989).[1] The trustee objected to the exemption claim.
 
 
 3
 The bankruptcy court allowed the exemption based upon rights of redemption in the farmland. On appeal, the district court concluded that the exemption could not be allowed on that ground.[2] The district court, however, went on to hold that the substance of the exemption claim was valid because the lease proceeds represent newly found property, and therefore the debtors had a right to amend their schedule of exemptions any time before the close of the case to claim an allowable exemption in the property.
 
 
 4
 On appeal to this court, the trustee argues that the debtors may not exempt the rental proceeds because (1) where a case is converted from chapter 11 to chapter 7, exemption rights are determined as of the chapter 11 filing date, and on that date the debtors had no right to the rents under state redemption law; (2) the rental proceeds are not newly found property because they did not exist unbeknownst to the debtors at the time of the chapter 11 petition, but rather arose postpetition; (3) the debtors had no equity in the underlying farmland at the time of the chapter 11 petition; and (4) N.D.Cent.Code Secs. 28-22-03 and 28-22-03.1 do not create an exemption in postpetition rents.
 
 II.
 
 5
 The debtors' farmland became property of the bankruptcy estate upon the filing of their voluntary chapter 11 petition. 11 U.S.C. Secs. 541(a)(1) and 301. The land remained property of the estate after conversion of the case to chapter 7 without confirmation of a reorganization plan. 11 U.S.C. Sec. 348(a) (conversion has no effect on commencement of case); Koch v. Myrvold, 784 F.2d 862, 863 (8th Cir.1986) (per curiam) (property of estate determined on basis of chapter 11 petition date, not date of conversion to chapter 7). Section 541(a)(6) provides that property of the estate includes "[p]roceeds, product, offspring, rents, or profits of or from property of the estate." Thus, redemption rights that attached to the farmland postpetition are property of the estate, see In re Rigden, 795 F.2d 727, 731 (9th Cir.1986), as are rental proceeds stemming from those redemption rights. The question presented in this case is whether 11 U.S.C. Sec. 522(b)(2)(A) permits the debtors to withdraw the postpetition, postconversion farmland rental proceeds from the property of the estate as exempt property.
 
 
 6
 Under Sec. 522(b)(2)(A), a debtor may exempt from property of the estate any property that is exempt under nonbankruptcy federal law, or state or local law "that is applicable on the date of the filing of the petition." Section 348(a) provides that conversion of a case from one chapter to another "does not effect a change in the date of the filing of the petition." The language of these sections indicates that the date of petition controls exemption eligibility. In In re Lindberg, 735 F.2d 1087 (8th Cir.), cert. denied sub nom. Armstrong v. Lindberg, 469 U.S. 1073, 105 S.Ct. 566, 83 L.Ed.2d 507 (1984), this court concluded that in a case converted from chapter 13 to chapter 7, the above statutory language is in tension with other Bankruptcy Code sections and Bankruptcy Rules. After examining the purpose behind a debtor's designation of exemptions in a chapter 13 case, this court held that the date of conversion controls what exemptions may be claimed from estate property. Id. at 1089-91. By contrast, the Fifth Circuit held in In re Williamson, 804 F.2d 1355, 1359 (5th Cir.1986), that "where a case is converted from chapter 11 to chapter 7, exemptions are determined as of the chapter 11 filing date."[3] The Fifth Circuit declined to say that Lindberg is wrong, id. at 1361-62, but rather found that the considerations identified by Lindberg- as offsetting the language of Secs. 522(b)(2)(A) and 348(a) "are both fewer and weaker in the context of chapter 11." Id. at 1361. We need not decide here whether Williamson is correct because the debtors in this case had no right to the rental proceeds under state redemption law at either the date of their chapter 11 petition or the date of conversion to chapter 7. In addition, we conclude that the notion of "newly found property" relied on by the district court does not support allowance of the claimed exemption in this case regardless of whether the date of petition or conversion controls exemption eligibility.
 
 
 7
 Under North Dakota law, a debtor is entitled to rents from real property during the redemption period. N.D.Cent.Code Sec. 28-24-11. This right to rents begins on the date of the execution or foreclosure sale of the subject property. Id. In the instant case, the foreclosure sale took place well after the chapter 11 petition and conversion of the case to chapter 7. Thus, a right to rents from the farmland based upon state redemption law did not arise until after both the petition and conversion. Accordingly, the district court properly concluded that the debtors' exemption claim could not be founded on redemption rights.
 
 
 8
 The debtors argue that they possessed a right to rents from the farmland at the time of their chapter 11 petition because North Dakota case law entitles mortgagors to rents prior to foreclosure in the absence of a valid assignment of the rents. This argument misses the mark because the debtors are claiming an exemption in rents produced after the foreclosure sale. An entitlement to those rents would come from statutory redemption rights that arose postpetition and postconversion, not from the law governing the entitlement to rents prior to foreclosure.
 
 
 9
 The debtors cite In re Wilson, 694 F.2d 236 (11th Cir.1982) (per curiam), as support for their contention that property which becomes property of the estate postpetition pursuant to Sec. 541(a)(6) may be claimed as exempt under Sec. 522(b)(2)(A):
 
 
 10
 The property of the estate, including property added to the estate after commencement of the proceeding under subsections 541(a)(3) through (a)(7), is "property of the estate" and can be claimed by the debtor as exempt under section 522(b). Section 522(b) enables the debtor to claim exemptions from "property of the estate," and section 522(b) itself includes no time limitation which would bar the debtor from claiming as exempt any property which became property of the estate after commencement of the suit.
 
 
 11
 694 F.2d at 238. Despite this sweeping language, when limited to its facts, Wilson is not inconsistent with the general principle embodied in Sec. 522(b)(2)(A) that exemption rights are determined as of the petition date.[4]
 
 
 12
 The debtor in Wilson paid an attorney to prepare and file a chapter 7 petition. The bankruptcy court found the attorney's fee excessive under 11 U.S.C. Sec. 329 and ordered the attorney to make a partial refund. The Eleventh Circuit concluded that the refund became property of the estate pursuant to Sec. 541(a)(7)[5] and permitted the debtor to amend his list of exempt property to include the refunded money despite the inapplicability of Sec. 522(g). Wilson, 694 F.2d at 238-39.[6]
 
 
 13
 On its facts, Wilson simply stands for the proposition that prepetition property which would have passed to the estate but for a prepetition transfer may be claimed as exempt when it is returned to the estate after the prepetition transfer is voided. Absent the prepetition transfer, the refunded portion of the attorney's fee would have been subject to exemption under Sec. 522(b)(2)(A) on the date of petition. Accordingly, the decision in Wilson does not run counter to the time limitation expressed in Sec. 522(b)(2)(A). Moreover, Wilson does not address the effect of conversion to another chapter on exemption eligibility. In contrast to Wilson, the rental monies in the instant case did not exist prepetition. They are postpetition, postconversion products of estate property. We therefore conclude that Wilson does not support allowance of the debtors' exemption claim in this case.
 
 
 14
 The district court's decision to allow the claimed exemption rested on Redmond v. Tuttle, 698 F.2d 414 (10th Cir.1983).[7] Redmond, however, simply applied the provisions of Sec. 522(g)(1), which permits a debtor to exempt property recovered by the trustee to the extent the debtor could have exempted the property under Sec. 522(b) had it not been transferred, provided that the transfer was not voluntary and the debtor did not conceal the property. The debtors in Redmond failed to list bank account funds in their schedule of assets. After the trustee recovered the money for the estate, the debtors sought to exempt it, arguing that they had not known of the money's existence. The Tenth Circuit read the Bankruptcy Rules "to require that the debtor be allowed to amend as a matter of course his exemption claims to include newly found property if the case has not been closed." Redmond, 698 F.2d at 416-17. Proceeding to the "separate issue" of whether to allow the amended exemption claim, id. at 417, the court held that the exemption could not be allowed under Sec. 522(g)(1) because the prepetition deposit of the funds in the bank was a voluntary transfer. Id. at 418.
 
 
 15
 Redmond clearly does not suggest that a date other than the petition date controls exemption eligibility. It uses the phrase "newly found property" in the course of recognizing the general rule in favor of permitting liberal amendment of exemption claims. See In re Williamson, 804 F.2d at 1358; Lucius v. McLemore, 741 F.2d 125, 127 (6th Cir.1984) (per curiam). Indeed, current Bankruptcy Rule 1009 provides that a schedule of exemptions "may be amended by the debtor as a matter of course at any time before the case is closed."[8]
 
 
 16
 The trustee does not argue that the debtors should not have been permitted to amend their schedule of exemptions to include a claimed exemption in the lease proceeds. Rather, the issue is whether that claimed exemption should be allowed. Permitting amendment of the exemption schedule is to be distinguished from the separate determination to allow the new exemption claim. See Williamson, 804 F.2d at 1358; Redmond, 698 F.2d at 417. The district court appeared to recognize this difference in its opinion when it stated that a debtor has a right to amend his schedule of exemptions any time before the close of the case in order to claim "an allowable exemption." However, the district court then erred by allowing the exemption without identifying a basis for it that existed at the time of petition or conversion.[9] Deciding that debtors may amend their schedule of exemptions does not require that the newly claimed exemption be allowed.
 
 III.
 
 17
 We conclude that no basis for the debtors' claimed exemption existed at the time of their chapter 11 petition or conversion of their case to chapter 7.[10] Accordingly, the decision of the district court is reversed.
 
 
 
 [1]
 Section 28-22-03 reads in relevant part as follows:
 In addition to the absolute exemptions mentioned in section 28-22-02, * * * the head of a family, personally or by his agent, may select from his other personal property, any goods, chattels, merchandise, money, and other personal property not exceeding in value the sum of five thousand dollars, which also shall be exempt from all attachment or mesne process, levy and sale upon execution, and any other final process issued from any court.
 Section 28-22-03.1(1) permits North Dakota residents to exempt "[i]n lieu of the homestead exemption, up to seven thousand five hundred dollars."
 
 
 [2]
 The basis of the district court's conclusion was that "[t]he farmland to which the right of redemption may have attached was never foreclosed on or sold." At the hearing before the bankruptcy court on May 3, 1988, the parties orally stipulated that a foreclosure sale had taken place in March 1988. In their briefs to this court, the parties again refer to a 1988 foreclosure sale. We are left then to assume that the district court was referring to the fact that no foreclosure sale had occurred prior to the chapter 11 petition or conversion to chapter 7
 
 
 [3]
 This holding applies to exemptions claimed under state law pursuant to Sec. 522(b)(2)(A). See Williamson, 804 F.2d at 1359. It is not clear whether the Fifth Circuit would reach the same result in the case of federal exemptions claimed under Sec. 522(d) pursuant to Sec. 522(b)(1). See In re Patterson, 825 F.2d 1140, 1143-44 (7th Cir.1987) (noting that the reference to law "that is applicable on the date of the filing of the petition" does not appear in Sec. 522(b)(1))
 
 
 [4]
 This general principle has been recognized by a large number of courts. See, e.g., In re Currie, 34 B.R. 745, 748 (D.Kan.1983); In re Knudsen, 80 B.R. 193, 196 (Bankr.C.D.Cal.1987); In re Huizar, 71 B.R. 826, 830 (Bankr.W.D.Tex.1987); In re O'Brien, 67 B.R. 317, 319 (Bankr.N.D.Iowa 1986); In re Eckols, 63 B.R. 523, 526 (Bankr.D.N.H.1986). Lindberg, 735 F.2d 1087 (discussed supra ) represents an exception to the general principle
 
 
 [5]
 Section 541(a)(7) provides that property of the estate includes "[a]ny interest in property that the estate acquires after the commencement of the case." Sections 329 and 541(a)(3) were amended in 1984 to provide expressly for the return of excessive attorney's fees to the estate. See Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98-353, Secs. 432(b), 456(a)(3), 98 Stat. 333, 370, 376 (1984). However, Sec. 522(g) (discussed infra ) remains inapplicable to fees recovered under Sec. 329. This does not alter our analysis of Wilson
 
 
 [6]
 The debtor claimed the money exempt under state law. Wilson, 694 F.2d at 237 n. 1
 
 
 [7]
 The district court relied directly on its recent decision in In re Hursman, No. A4-88-141 (D.N.D.1988). Hursman, in turn, relied on Redmond
 
 
 [8]
 Rule 1009 continues the "permissive approach" of former Bankruptcy Rule 110, the rule applied in Redmond. Rule 1009 advisory committee's note
 
 
 [9]
 In its opinion in Hursman, see supra note 7, a chapter 7 case, the district court recognized that the value and status of exempt property in bankruptcy are determined as of the petition date. After relying on Redmond to permit the debtors to amend their schedule of exemptions to include the proceeds of a postpetition sale of estate farmland, the court made it clear that in order for the claimed exemption ultimately to be allowed, the exemption must be permitted by the Bankruptcy Code and state exemption law. We are at a loss to explain why the district court did not use the same approach in this case
 
 
 [10]
 Our disposition of this case makes it unnecessary to decide whether N.D.Cent.Code Secs. 28-22-03 and 28-22-03.1 create an exemption that covers postpetition rents during the redemption period. The redemption period did not begin until after petition and conversion. We also need not address the trustee's argument that the claimed exemption may not be allowed because the debtors had no equity in the underlying farmland at the time of petition