# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

No. 09-6003

---

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| James Robert Barrows and | * | |
| Terri Lee Barrows, | * | |
| | * | |
| Debtors. | * | |
| | * | |
| James Robert Barrows and | * | Appeal from the United States |
| Terri Lee Barrows, | * | Bankruptcy Court for the |
| | * | District of Minnesota |
| Debtors-Appellants, | * | |
| | * | |
| v. | * | |
| | * | |
| Julia Christians, | * | |
| | * | |
| Trustee-Appellee. | * | |

---

Submitted: June 30, 2009
Filed: July 10, 1009

---

Before SCHERMER, FEDERMAN, and SALADINO, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

Debtors James Robert Barrows and Terri Lee Barrows ("Debtors") appeal from the bankruptcy court[1] order granting the objection to the Debtors' amendment of exemptions filed by Trustee Julia Christians ("Trustee"). We have jurisdiction over this appeal from the final order and judgment of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

## ISSUES

The issues on appeal are whether the bankruptcy court erred in finding bad faith on the part of the Debtors and whether it abused its discretion in disallowing the Debtors' attempt to amend their exemptions because of such bad faith. We conclude that the bankruptcy court did not err in finding bad faith nor abuse its discretion in disallowing the  Debtors' amended exemptions.

## BACKGROUND

The Debtors are married. Terri Lee Barrows was out of work in early 2008 and the family's consumer debts became unmanageable. On March 3, 2008, the Debtors met with Attorney Alan Albrecht ("Attorney") to discuss bankruptcy. The Attorney gave them a worksheet to fill out and return to him. The worksheet included questions about the Debtors' assets, income, expenses and creditors. The worksheet did not purport to be an official document, nor did the Debtors believe it to be one. The worksheet stated as follows: "Official Bankruptcy Forms will be completed using the information that you give in these worksheets and you will be required to sign a declaration stating under penalty of perjury that the information is true and correct."

---

[1]The Honorable Robert J. Kressel, United States Bankruptcy Judge for the District of Minnesota.

The Debtors took the worksheet home and spent a lot of time filling it out. Question 16 of the worksheet asked the Debtors to list the approximate average daily balance in their bank accounts. Terri Lee Barrow looked up the balance in the couple's checking account online and listed $300 as the approximate average daily balance of the checking account and $25 as the approximate daily balance of the savings account. The Debtors returned the completed worksheet to the Attorney's office on June 15, 2008.

After completing the worksheet and returning it to the Attorney's office but before they reviewed and signed their bankruptcy petition and schedules, the Debtors borrowed $17,000 from James Robert Barrows' 401K account. The Debtors deposited the proceeds from the 401K loan into their checking account on June 30, 2008.

The Debtors returned to the Attorney's office on July 7, 2008, where they carefully reviewed their petition and schedules page by page, comparing the schedules to the information they had provided on the worksheet. The Debtors knew at the time that they had deposited the $17,000 proceeds from the 401K loan into their checking account. Nonetheless, the Debtors approved and signed under oath the bankruptcy petition, schedules, and statements on July 7, 2008. The schedules listed the current value of the Debtors' interest in the checking and savings accounts as $325. The Debtors claimed an exemption for their savings and checking accounts with a current value of $325. The Debtors listed James Robert Barrow's 401K account with a current value of $65,000. On their statement of financial affairs when asked to list all property other than property transferred in the ordinary course of business or financial affairs of the debtor transferred either absolutely or as security within two years immediately preceding the commencement of this case, the Debtors listed "None." Finally, the Debtors indicated no anticipated change in income or expenses in their statements.

3

The Attorney filed the Debtors' bankruptcy petition and schedules on July 15, 2008 ("Petition Date"). On the Petition Date the Debtors' checking account had a balance of $13,918.89. The Debtors had been actively drawing on the account prior to and after their bankruptcy filing, paying their mortgage and other bills.

The Trustee conducted the Debtors' Section 341 meeting of creditors on August 18, 2008. At the meeting the Debtors testified under oath that their petition and schedules were true, correct and complete. The Debtors provided the Trustee with copies of their bank statements but did not disclose the 401K loan or the fact that the balance in the checking account exceeded the amount listed in their schedules by more than $13,000. After the Section 341 meeting of creditors, the Trustee reviewed the bank statements and sent a written demand to the Debtors for turnover of the funds in the bank account in excess of the $325 which the Debtors had exempted. On August 26, 2008, the Debtors filed Amended Schedules B and C listing the value of the bank accounts at $13,970.19 and asserting an exemption of the entire balance in the accounts.

The Trustee objected to the Debtors' amended exemption of the bank accounts. The bankruptcy court conducted a hearing on the objection. The Debtors testified that Terri Lee Barrows spent a significant amount of time researching and collecting information and filling out the worksheet provided by the Attorney. The Debtors carefully reviewed the petition, schedules, and statements prepared by the Attorney and signed them under oath, attesting to their accuracy. In examining the petition, schedules and statements, the Debtors checked to make sure the documents matched the information contained in the worksheet the Debtors had provided to the Attorney and did not contain any typographical errors. The Debtors knew the worksheet was prepared before the 401K loan and that the petition, schedules, and statements did not accurately reflect the balances of the bank accounts and the 401K account as of the day they signed the documents under oath. The Debtors explained that they thought the bankruptcy documents only needed to reflect the balances disclosed in the

4

worksheet and that they did not need to be updated. The Debtors had been advised by the Attorney that they would have to provide copies of bank statements to the Trustee. They knew such statements would show the actual account balances on the Petition Date. The Debtors thought this was sufficient. The Debtors also stated that they did not consider the 401K loan to be a transfer of assets – instead it was merely the transformation of an asset from one form – funds in a 401K account – to another form – funds in a bank account. The bankruptcy court determined that the Debtors had acted in bad faith in failing to accurately disclose the amount of funds in the bank accounts and then asserting an exemption therein only after the Trustee demanded turnover of the funds in excess of the originally disclosed amount. The court sustained the Trustee's objection to the amended exemption and limited the Debtors' exemption of the bank account to $325. The Debtors appeal that order.

## STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo. Kaelin v. Bassett (In re Kaelin)*, 308 F.3d 885, 888 (8th Cir. 2002); *Bauer v. Iannacone (In re Bauer)*, 298 B.R. 353, 356 (B.A.P. 8th Cir. 2003). The bankruptcy court has discretion to deny an amendment of exemptions if the amendment is proposed in bad faith. *Kaelin*, 308 F.3d at 888; *Bauer*, 298 B.R. at 356. Bad faith is a finding of fact which is subject to review for clear error. *Kaelin*, 308 F.3d at 888; *Bauer*, 298 B.R. at 356. A finding is clearly erroneous when although evidence exists to support it the reviewing court is left with the definite and firm conviction that a mistake has been committed. *Kaelin*, 308 F.3d at 889; *Bauer*, 298 B.R. at 356.

DISCUSSION

Pursuant to Section 522(b) of the Bankruptcy Code, a debtor may exempt property either under the federal exemptions set forth in Section 522(d)[2] or under state or other applicable exemption laws. 11 U.S.C. § 522(b). Exemption claims are generally subject to liberal amendment. *Kaelin*, 308 F.3d at 889; *Armstrong v. Harris (In re Harris)*, 886 F.2d 1011, 1015 (8th Cir. 1989); *Bauer*, 289 B.R. at 356.[3] The right to freely amend exemptions is not absolute, however, and "can be tempered by the actions of the debtor or the consequences to the creditors." *Kaelin*, 308 F.3d at 889; *Bauer*, 289 B.R. at 356. Bad faith on the part of the debtor or prejudice to creditors can eliminate a debtor's right to amend exemptions. Here, prejudice to creditors is not at issue; instead, bad faith by the Debtors is.

The Trustee, as the objector, bears the burden of establishing bad faith by a preponderance of the evidence. Fed.R.Bankr.P. 4003(c); s*ee also Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654 (1991); *Bauer*, 289 B.R. at 356. Bad faith is determined by an examination of the totality of the circumstances. *Kaelin*, 308 F.3d at 889; *Bauer*, 289 B.R. at 356. Concealment of an asset generally supports a finding of bad faith. *Kaelin*, 308 F.3d at 890. The efficiency of the bankruptcy process depends on the accuracy and reliability of the petition, schedules, and statements without the necessity of digging around or conducting independent examinations to get the true facts. *Mertz v. Rott*, 955 F.2d 596, 598 (8th Cir. 1992). Full and accurate disclosure is required of debtors.

---

[2] A state may opt out of the federal exemptions, leaving only state exemptions available for debtors. Minnesota has not opted out and therefore debtors in Minnesota may choose between the federal and state exemptions.

[3] *See also* Fed. R. Bankr. P. 1009 permitting a debtor to amend schedules as a matter of course at any time before the case is closed.

Here, the bankruptcy court considered the evidence and determined that the Debtors had acted in bad faith in listing the amount in their bank accounts at $325 when they knew they had borrowed $17,000 from a 401K account and had deposited the loan proceeds into their bank account shortly before filing bankruptcy. The Debtors had been actively spending the money and were well aware of its inclusion in the bank account, yet they understated the account balance by more than $13,000. The Debtors continued to spend the loan proceeds post-petition, yet again attested under oath to the accuracy of the bankruptcy schedules when the Trustee asked about them at the Section 341 meeting of creditors. The Debtors failed to mention the discrepancy between the listed bank account balance and the actual bank account balance or the 401K loan, instead explaining that they knew they were providing bank statements to the Trustee and that the Trustee would learn the true balance upon review of the statements. The bankruptcy judge did not believe the Debtors' explanation or that their actions were taken in good faith. As the trier of fact, the bankruptcy judge was in the ideal position to evaluate the veracity of the Debtors as they testified at trial. *Bauer*, 298 B.R. at 357. As long as the trial court's conclusion is plausible in light of the record viewed as a whole, we shall not reverse it even if the record also supports the alternative conclusion. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573-74, 105 S.Ct. 1504, 1511 (1985). The trial court's choice between two permissible views of the evidence cannot be clearly erroneous. *Id.* The bankruptcy court considered the totality of circumstances, determined that the Debtors acted in bad faith, and exercised its discretion to sustain the objection to the amended exemption in light of the Debtors' bad faith. The bankruptcy court's conclusion is not clearly erroneous. Furthermore, the court did not abuse its discretion in sustaining the objection to the amended exemption based on its determination of bad faith.

Alternatively the bankruptcy court determined that the Debtors acted with reckless indifference to the truth when they provided inaccurate schedules and statements and failed to correct the material falsehoods therein. Again, the bankruptcy

court's conclusion is based on its evaluation of the Debtors' veracity and is supported by the record as a whole and therefore should be affirmed.

The Debtors argue that they could have exempted the funds if they had remained in the 401K account so there is no harm in allowing the Debtors to exempt the funds after transferring them to the bank account. This fact does not change the result. *Bauer*, 298 B.R. at 357 ("The irony here is that if the Debtors had accurately disclosed the [funds in the bank accounts and the 401K loan] from the outset, they may have been entitled to exempt [the funds].") While there may be no harm to creditors, the Debtors acted in bad faith and that bad faith alone is sufficient to disallow the amended exemption.

## CONCLUSION

The bankruptcy court correctly considered the totality of circumstances and did not err in finding bad faith on the part of the Debtors. The court did not abuse its discretion in denying the Debtors' asserted exemption in the entire bank account balance. Accordingly, we AFFIRM.

_____