**In re The CRAFTSMEN, INC., Debtor.**

**Jeffrey H. MIMS, Trustee, Plaintiff,**

v.

**UNITED STATES of America (DE-PARTMENT OF VETERANS AFFAIRS), Defendant.**

**Bankruptcy No. 390–35730–SAF–7. Adv. No. 392–3822.**

United States Bankruptcy Court, N.D. Texas, Dallas Division.

Nov. 22, 1993.

James V. Roberts, Mankoff, Hill, Held & Goldburg, Dallas, TX, for Jeffrey H. Mims, Trustee, plaintiff.

Myrna Silen, Asst. U.S. Atty., Dallas, TX, for U.S. (Dept. of Veterans Affairs), defendant.

## MEMORANDUM OPINION AND ORDER

STEVEN A. FELSENTHAL, Bankruptcy Judge.

The plaintiff, Jeffrey H. Mims, the Chapter 7 trustee of the Craftsmen, Inc., seeks to recover from the defendant, United States Department of Veterans Affairs, monies allegedly due as a result of the government's termination of a contract with Craftsmen. The government moves the court to dismiss the adversary proceeding for lack of subject matter jurisdiction on the grounds of sovereign immunity. The court conducted a hearing on the motion to dismiss on September 13, 1993.

■ The United States is a sovereign power immune from suit absent a congressional waiver of its sovereign immunity. Any waiver of sovereign immunity, to be effective, must be "unequivocally expressed." *United States v. Nordic Village,* — U.S. —, —, 112 S.Ct. 1011, 1014, 117 L.Ed.2d 181 (1992), quoting *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 95, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990).

■ The Bankruptcy Code unequivocally expresses a limited waiver of sovereign immunity for claims against a governmental unit. Section 106 provides:

(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

(b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

(c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—(1) a provision of this title that contains "credi-

tor", "entity", or "governmental unit" applies to governmental units; and (2) a determination by the court of an issue arising under such a provision binds governmental units.

11 U.S.C. § 106.

The term "governmental unit" is defined in § 101 of the Code to mean "United States; State; Commonwealth; District; Territory; municipality; foreign state; *department, agency or instrumentality of the United States* ..." 11 U.S.C. § 101(27) (emphasis added). Thus the Department of Veterans Affairs qualifies as a "governmental unit" for § 106.

Subsection (b) permits an estate to offset against the allowed claim of a governmental unit any claim that the debtor has against the unit. The trustee does not assert an offset or allege a waiver of immunity under subsection (b). Moreover, an offset would proceed, if at all, only after the government is deemed to have waived sovereign immunity. Thus subsection (b) will be excluded from the analysis.

Subsection (c) creates a waiver of immunity when used in conjunction with certain other Code sections. The trustee does not allege a waiver under subsection (c) or in conjunction with other sections. Furthermore, the Supreme Court in *Nordic Village* found that subsection (c) does not unequivocally waive sovereign immunity for monetary claims, as are involved here. — U.S. at —, 112 S.Ct. at 1015. Therefore subsection (c) will be excluded from the analysis.

Because neither subsections (b) nor (c) is relevant to the issue before the court, this discussion addresses only whether and to what extent the government has waived its immunity pursuant to § 106(a).

■ The Supreme Court in *Nordic Village* referred to subsections (a) and (b) as "models of clarity" in recognizing that they meet the "unequivocal expression" requirement for waivers of sovereign immunity. — U.S. at —, 112 S.Ct. at 1015. Therefore, to have a waiver of immunity pursuant to § 106(a), the following requirements must be met: (1) a

claim against the government must exist; (2) the claim must be property of the estate; and (3) the governmental unit must have a claim against the debtor that arises out of the same transaction or occurrence.

In 1983, Craftsmen and the government entered into a construction contract for work to be done by Craftsmen on The Veterans Administration Medical Center in Waco, Texas. In 1986 the contract terminated, and Craftsmen filed a claim with the Veterans Administration for termination costs and delays in connection with the contract. When Craftsmen filed its petition for relief under Chapter 11 in 1990, that claim against the government was still pending. That claim became property of the estate, satisfying the first two requirements.

On January 11, 1991, the court converted the Chapter 11 case to a case under Chapter 7. On January 30, 1991, the United States Trustee appointed Mims as the interim Chapter 7 trustee. In April, 1992, counsel for the trustee contacted the government regarding the estate's claims. In a letter dated April 17, 1992, the government responded, acknowledging certain termination costs, but also asserting that the government had previously paid those costs. The government further asserted that the previous payment left Craftsmen owing the government a debt: "Thus, under the VA's analysis Craftsmen actually owes the VA $1,105.96 ($250,000 − $248,894.04)." This "claim" by the government also arises out of the construction contract, thus satisfying the third element. Based upon the government's assertion, the trustee filed a proof of claim on behalf of the government in the amount of $1,105.96 on December 29, 1992.

■ The government contends however that § 106(a) applies only if the government filed a proof of claim. In its analysis of section 106(c) [1], the Supreme Court in *Nordic Village,* acknowledged in dictum, "the prior specification in subsections (a) and (b) that claims against the Government will lie only when the Government has filed a proof of claim ..." — U.S. at ——, 112 S.Ct. at 1015. Several courts, prior to that decision, followed the same rule.[2] However, § 106(a) requires only that the government has a claim that arose out of the same transaction or occurrence as the estate's claim against the government. The statute does not require that the government have filed a proof of claim under § 501 or have an allowed claim as defined by § 502. *See In re Gribben,* 158 B.R. 920 (S.D.N.Y.1993) (refusing to accept *Nordic Village* dictum as controlling and noting that § 106(a) does not contain a proof of claim prerequisite). Rather the government need only have a claim, a defined term under § 101(5).

■ Construction of the Bankruptcy Code is a holistic endeavor. *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.,* 484 U.S. 365, 371, 108 S.Ct. 626, 630, 98 L.Ed.2d 740 (1988). The court must consider the particular statutory language, the design of the statute as a whole and its object and policy. *Kelly v. Robinson,* 479 U.S. 36, 43, 107 S.Ct. 353, 357, 93 L.Ed.2d 216 (1986). Where the statutory scheme of the Code is coherent and consistent, the court generally need not inquire beyond the statute's language. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 240–41, 109 S.Ct. 1026, 1029–1031, 103 L.Ed.2d 290 (1989).

■ Section 101(5) defines a "claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliqui-

---

1. While this analysis does not cover 106(c), the Ninth Circuit in *Town & Country Home Nursing Services, Inc. v. Blue Cross of California* stated that application of subsection (c) "does not depend on whether the government has filed a claim in bankruptcy." 963 F.2d 1146, 1148 (9th Cir.1992).

2. *See, eg., Hoffman v. Conn. Dep't of Income Maintenance, et al.,* 492 U.S. 96, 109 S.Ct. 2818, 106 L.Ed.2d 76 (*1989*) (in holding that turnover proceeding against government was barred by the Eleventh Amendment, stated that § 106(a) could not provide a waiver since no proof of claim was filed); *In re Neavear,* 16 B.R. 528 (Bankr.C.D.Ill.1981), *rev'd on other grounds,* 674 F.2d 1201 (7th Cir.1982) (section 106(c), unlike § 106(a) and (b), does not condition waiver upon filing a proof of claim); *In re Community Hospital of Rockland County* 5 B.R. 11 (Bankr. S.D.N.Y.1980) (the legislative history indicates that government must take affirmative step of filing a claim).

dated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured...." 11 U.S.C. § 101(5). The government's allegation in its letter to the trustee asserts a right to payment, and thus constitutes a claim. Section 106(a) requires only that the government possess a claim. The statute does not require that the government pursue that claim against the bankruptcy estate before it waives sovereign immunity.

■ The Bankruptcy Code provides that a holder of a claim, that is a right to payment under non-bankruptcy law, may pursue that claim against the bankruptcy estate by filing a proof of claim. 11 U.S.C. § 501. Section 502 directs that the claim asserted by a filed proof under § 501 is deemed allowed unless an objection is filed. In the event of an objection, the court determines the amount of an allowed claim. 11 U.S.C. § 502. Section 106(a) requires only a claim, not a proof of claim. Section 106(b), on the other hand, specifies an "allowed claim." As § 502(a) and (b) provide, an allowed claim constitutes a bankruptcy law concept requiring a proof of claim under § 501.

" '[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.' " *Immigration and Naturalization Service v. Cardoza–Fonseca,* 480 U.S. 421, 432, 107 S.Ct. 1207, 1213, 94 L.Ed.2d 434 (1987) (quoting *Russello v. United States,* 464 U.S. 16, 23, 104 S.Ct. 296, 300, 78 L.Ed.2d 17 (1983)). Had Congress intended to restrict the application of § 106(a) to only proofs of claim it could have used the "allowed claim" language of § 106(b) or other restrictive language. Rather, the code provides that the mere existence of a government claim permits waiver of immunity pursuant to § 106(a). *See also, Sullivan v. Town & Country Home Nursing Services, Inc.,* 963 F.2d 1146 (9th Cir.1992) ("... a proof of claim need not necessarily be filed to trigger the waiver of sovereign immunity

..."); *Rakozy v. Diversified Turnkey Construction Co.,* 145 B.R. 661 (Bankr.D.Idaho 1992) ("... no proof of claim is required by the language of section 106(a) ..."); *Boldman v. United States,* 148 B.R. 874 (Bankr. C.D.Ill.1993) (to waive sovereign immunity IRS was not required to file a proof of claim for unpaid taxes, but only need possess a claim); *but, In re Lile,* 96 B.R. 81 (Bankr. S.D.Tex.1989) (stating waiver of sovereign immunity under § 106(c) is not conditioned on filing proof of claim as it is under § 106(a)).

The court's reading of § 106(a) in light of the Code as a whole is consistent with congressional intent. The government, in its brief, cites the legislative history to § 106 as follows:

> Though this subsection creates a partial waiver of immunity when the government unit files a proof of claim, it does not waive immunity if the debtor or trustee, and not the governmental unit, files proof of a governmental unit's claim under proposed 11 U.S.C. 501(c).

S.Rep. No. 95–989, 95th Cong., 2nd Sess. (1978), *U.S.Code Cong. & Admin.News* 5787, 5816.

This quote, however, comes from the legislative history to the original, identical House and Senate versions of § 106 which expressly required the filing of a proof of claim. H.R. 8200 and S. 2266 provided in pertinent part:

> (a) A governmental unit *that files a proof of claim under section 501* of this title is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

H.R. 8200, 95th Cong. 1st Sess. 324 (1977); S. 2266, 95th Cong., 2nd Sess. 313 (1978) (emphasis added).[3] Before Congress enacted § 106, the conference committee eliminated this "proof of claim" language. Congress then enacted the modified § 106(a) and (b), adding § 106(c).

*See, eg., Hoffman,* 492 U.S. at 100, 109 S.Ct. at 2821; *Neavear,* 16 B.R. at 530–531; *Community Hosp. of Rockland County,* 5 B.R. at 12.

---

**3.** Several courts also relied upon the legislative history to the pre-enactment draft of § 106 that still included the "proof of claim" language.

"Where Congress includes limiting language in an earlier version of a bill but deletes it prior to enactment, it may be presumed that the limitation was not intended." *Russello*, 464 U.S. at 23–24, 104 S.Ct. at 300–301; *See, eg. Nachman Corp. v. Pension Benefit Guaranty Corporation*, 446 U.S. 359, 392–393, 100 S.Ct. 1723, .1741–1742, 64 L.Ed.2d 354 (1980) ("Few principles of statutory construction are more compelling than the proposition that Congress does not intend sub silentio to enact statutory language that it has earlier discarded in favor of other language.") Congressional retraction of the "proof of claim" language therefore demonstrates an intent to permit a waiver of immunity even in the absence of a proof of claim.

 This construction furthers a primary purpose of the Bankruptcy Code: to marshall the debtor's assets for an equitable distribution to the creditors. To that end, the Code envisions that all property, from all sources, in which the debtor holds an interest will come into the estate [4] and be redistributed to all of the creditors in an equitable manner. From this equitable distribution, all creditors benefit, as does the economy as a whole. Congress limited the government's immunity shield to enhance recovery of claims owned by the estate for the equitable benefit of all creditors of the estate.

Accordingly, the filing of a proof of claim does not serve as a prerequisite to a waiver of sovereign immunity pursuant to § 106(a). The government has waived its sovereign immunity because the requirements of § 106(a) have been met. The motion to dismiss must be denied.

 Although the motion must be denied, the court, for a complete analysis, will address the other proof of claim issues posed by the parties. Indeed, if the statute required a proof of claim, the government would have been entitled to a dismissal. A proof of claim can be triggered by an informal proof of claim, and bankruptcy courts have recognized an informal proof of claim as sufficient for a waiver of immunity. *Sullivan*

*v. Town & Country*, 963 F.2d 1146 (9th Cir. 1992) (government's self-help collection efforts constituted informal proof of claim sufficient to waive sovereign immunity). *Official Committee of Unsecured Creditors of Operation Open City, Inc. v. New York State Department of State*, 148 B.R. 184 (Bankr. S.D.N.Y.1992) (state's setoff, made without resort to proof of claim mechanism, constituted waiver of sovereign immunity); *Taylor v. United States*, 148 B.R. 361 (S.D.GA.1992) (waiver of sovereign immunity when IRS withheld portion of chapter 13 debtor's tax refund); *Rakozy*, 145 B.R. at 668–669 (government letter of interest to retain and disburse funds to employees and assistance in supporting employees' alleged claims constituted informal proof of claim); *but see, Nichols v. Internal Revenue Service*, 143 B.R. 104 (Bankr.S.D.Ohio 1992) (IRS's intentional violation of automatic stay absent filing of proof of claim did not constitute waiver of immunity).

Moreover, the Ninth Circuit, prior to *Nordic Village*, recognized an informal proof of claim, albeit not in the context of § 106. *Anderson–Walker Industries, Inc. v. Lafayette Metals, Inc.*, 798 F.2d 1285 (9th Cir. 1986). In that case, a creditor attempted to amend a proof of claim after the time to amend had expired. The original *proof of claim* was in the form of a letter sent to counsel for the trustee in response to counsel's collection letter for monies due to the debtor. The letter contained an allegation similar to the one in the case at bar: "As you may or may not know, the estate owes Lafayette $243,000." 798 F.2d at 1286. The trustee objected to the amended proof of claim on the grounds that the letter could not be considered a timely and valid proof of claim. The bankruptcy court held, and both the district court and Ninth Circuit affirmed, that the letter stated the existence and amount of the debt and implied an intent to collect on the debt sufficient to constitute an informal proof of claim. 798 F.2d at 1288. Although the instant case contains a similar

---

4. This construction of § 106(a) is also consistent with the powers of the trustee to avoid preferences and fraudulent transfers. 11 U.S.C. §§ 547, 548. This power enables the trustee to recover payments or transfers, regardless of whether or not the transferees file a proof of claim.

situation, the roles here are reversed. Here, the trustee argues that the government's letter did in fact constitute an informal proof of claim.

 Regardless of who contends that a letter from a creditor to a trustee may serve as an informal proof of claim, the same reasoning should apply; the Ninth Circuit applied a liberal construction because "[b]ankruptcy courts are courts of equity, and must assure 'that substance will not give way to form, [and] that technical considerations will not prevent substantial justice from being done.'" *Id.* at 1287 (citing *Pepper v. Litton,* 308 U.S. 295, 305, 60 S.Ct. 238, 244, 84 L.Ed. 281 (1939)). Similarly, the government's letter must be construed in a manner which lends itself to the efficient and equitable administration of the debtor's estate. The government should not be permitted to make efforts to dispute debts or collect monies while simultaneously invoking the cloak of sovereign immunity. Accordingly, the government's letter to the trustee alleging monies due from the debtor constituted an informal proof of claim.

 Both the government's informal proof of claim and the trustee's proof of claim thereafter filed in response to the letter and on behalf of the government were untimely. The government contends that the trustee did not file a proof of claim within the time required by Bankruptcy Rule 3004. Rule 3004 allows the trustee to file a proof of claim on behalf of a creditor within 30 days after the expiration of the time to file a proof of claim under Rule 3002. Bankruptcy Rule 3004. Rule 3002(c) requires that a proof of claim be filed within 90 days after the first date set for the creditors' meeting. Bankruptcy 3002(c).

On January 11, 1991, this court converted the case from Chapter 11 to Chapter 7, and Mims was appointed Chapter 7 trustee. The creditors' meeting was subsequently set for and held on February 27, 1991; notice was properly given. Thus, the time to file a proof of claim pursuant to Rule 3002(c) expired May 28, 1991, and the time for the trustee to file a proof of claim pursuant to Rule 3004 expired June 27, 1991.

The trustee's proof of claim, filed December 29, 1992, was not timely. Furthermore, the government's letter, serving as an informal proof of claim for purposes of waiver of immunity and conferring jurisdiction, may also be used to determine whether or not the 90 day requirement of Rule 3002(c) had been satisfied. The April 17, 1992, letter was not a timely informal proof of claim as the Rule 3002(c) period expired May 28, 1991.

If § 106(a) requires a proof of claim, the government may permit the time for filing a proof of claim to expire before asserting its position to the trustee, thereby preserving sovereign immunity. Alternatively, when a proof of claim is untimely, the government can elect to pursue the proof of claim by motion seeking allowance of a late proof of claim. If relief is granted, the proof of claim would then constitute the sovereign immunity waiver. But absent a court order permitting consideration of a late filed proof of claim, *see* Bankruptcy Rules 3002(c)(6) or 9006, or an excess of funds after payment of timely filed proofs of claim, the untimely informal proof of claim followed by the trustee's proof of claim would be of no moment to the bankruptcy estate. Consequently, if § 106(a) required a proof of claim, under the facts and circumstances of this case, the court would find that a proof of claim had not been asserted sufficient to constitute a waiver of sovereign immunity.

### *ORDER*

Based on the foregoing analysis,

**IT IS ORDERED** that the motion to dismiss is **DENIED.**