In re The CRAFTSMEN, INC., Debtor.

Jeffrey H. MIMS, Trustee, Plaintiff,

v.

UNITED STATES of America (DEPARTMENT OF VETERANS AFFAIRS), Defendant.

Bankruptcy No. 390–35730–SAF–7.
Adv. No. 392–3822.

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

Jan. 27, 1995.

---

1. Plaintiffs' Motion to Abstain, Sever, and Remand, filed in *Johnson v. Dow Holdings, Inc.,* No. 3:95–CV–1085–X at 7, 13, and Exhibit E.

**117**

The court denied the government's previous motion to dismiss holding that the government had waived sovereign immunity under § 106(a) of the Bankruptcy Code. *In re Craftsmen, Inc.*, 163 B.R. 88 (Bankr. N.D.Tex.1993). Congress amended § 106 of the Bankruptcy Code on October 22, 1994 by §§ 113 and 702 of the 1994 Bankruptcy Reform Act. The government renews its motion to dismiss the adversary proceeding for lack of subject matter jurisdiction on the grounds of sovereign immunity. The court conducted a hearing on the renewed motion to dismiss on December 5, 1994.

Newly enacted § 106(b) of the Bankruptcy Code reads:

[a] governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose.

11 U.S.C. § 106(b) (1994). Section 702 of the 1994 Act provides that the amendments to § 106 "shall apply with respect to cases commenced under title 11 of the United States Code before, on, and after the date of the enactment of this Act [October 22, 1994]."

The government contends that the new language of § 106 became the law of the present bankruptcy case and this adversary proceeding. As a result, the government argues that the government has not waived sovereign immunity because it did not file a timely formal proof of claim.

The trustee argues that the language of § 702 should be construed literally, therefore, the amendment would not affect ongoing proceedings because the language refers only to cases. The trustee also argues that an untimely informal proof of claim waives sovereign immunity under the amendments. Finally, the trustee makes a constitutional argument that Congress cannot strip jurisdiction in an ongoing proceeding from the court.

Construction of the Bankruptcy Code is a holistic endeavor. *United Savings Association of Texas v. Timbers of Inwood*

M. Bruce Peele, Mankoff, Hill, Held & Metzger, Dallas, TX, for plaintiff.

Brendan Collins, U.S. Dept. of Justice, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

STEVEN A. FELSENTHAL, Bankruptcy Judge.

The plaintiff, Jeffrey H. Mims, the Chapter 7 trustee of the Craftsmen, Inc., seeks to recover from the defendant, United States Department of Veteran Affairs, monies allegedly due as a result of the government's termination of a contract with Craftsmen.

*Forest Associates, Ltd.,* 484 U.S. 365, 371, 108 S.Ct. 626, 630, 98 L.Ed.2d 740 (1988). The court must consider the particular statutory language, the design of the statute as a whole and its object and policy. *Kelly v. Robinson,* 479 U.S. 36, 43, 107 S.Ct. 353, 357, 93 L.Ed.2d 216 (1986). Where the statutory scheme of the Code is coherent and consistent, the court generally need not inquire beyond the statute's language. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 240–41, 109 S.Ct. 1026, 1029–30, 103 L.Ed.2d 290 (1989).

"Cases" and "proceedings" are distinct terms defined by and used in the Code and implementing rules. They are not interchangeable terms but rather have distinct jurisdictional, procedural and substantive consequences. "Case" refers to the underlying bankruptcy case commenced by the filing of a petition. 11 U.S.C. § 301; Bankr.R. 1002. "Proceeding" refers to an adversary proceeding governed by Part VII of the Bankruptcy Rules and commenced by the filing of a complaint. Bankr.R. 7001, 7003.

United States district courts have original and exclusive jurisdiction of all "cases" under the Bankruptcy Code. 28 U.S.C. § 1334(a). District courts have original but not exclusive jurisdiction of "proceedings" arising under the Bankruptcy Code, or arising in or related to "cases" under the Bankruptcy Code. 28 U.S.C. § 1334(b). District courts may provide "that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a).

Section 305(a) of the Bankruptcy Code refers to the court's ability to "dismiss a case" or "suspend all proceedings". 11 U.S.C. § 305(a). Section 104(a) of the 1994 Act amends § 105 of the Bankruptcy Code to allow the court or parties in interest to request a status conference in a case or a proceeding.

Section 702 of the 1994 Act states that amendments to § 106 of the Bankruptcy Code apply retroactively to "cases". Congress could have, but did not, include proceedings in § 702. As a result, § 106 applies retroactively to pending cases, but not to pending proceedings in those cases.

A bankruptcy case may involve several proceedings that may arise at various times throughout the case. Proceedings initiated after the enactment of the 1994 amendments in cases commenced before the enactment are governed by § 106 as amended. Proceedings started before the enactment of the 1994 amendments in pending cases are unaffected by amended § 106.

This review of the differences between "cases" and "proceedings" in Titles 28 and 11 demonstrates that the statutory language of "cases" in § 702 of the 1994 Act is consistent with the Code as a whole, producing a coherent statutory scheme. Applying the statute, as written, does not result in an incoherent or inconsistent Code. The amendment recognizes and does not interfere with the jurisdictional, procedural and substantive differences concerning "proceedings" that arise under or are related to bankruptcy "cases." Indeed, it recognizes practical considerations, as well. In many proceedings courts will have begun trials and issued rulings that determine events affecting rights and interests. Parties may have entered into settlement commitments in proceedings relying on previous law. Furthermore, time will have lapsed making alternative forums unavailable. Parties in adversary proceedings must rely on the then existing law. New proceedings in pending cases do not face the same restrictions. Congress intended to overrule this court's reading "of current law." Bankruptcy Reform Act of 1994, Cong.Rec. H10765 (Oct. 4, 1994). It expressed no intent to change current law to alter pending proceedings.

The court's inquiry therefore ends with the statute's language. Proceedings filed after October 22, 1994, regardless of the commencement date of the bankruptcy case, will be governed by the 1994 amendments to § 106.

■ The law of this proceeding remains § 106 of the Bankruptcy Code prior to the 1994 amendments. The government waived sovereign immunity where (1) a claim against the government exists; (2) the claim is the property of the estate; and (3) the govern-

ment has a claim against the debtor arising out of the same transaction. 11 U.S.C. § 106(a) (1988); *In re Craftsmen, Inc.*, 163 B.R. at 90.

The facts of this proceeding show that the government had a claim against the plaintiff and made this fact known. The claim made by the trustee is property of the estate. The government's claim against the debtor arose out of the same construction contract upon which the trustee brought the adversary proceeding against the government. The government waived sovereign immunity in accordance with § 106(a) of the Code, which was the law at the time the present adversary proceeding was commenced. The government, therefore, waived its sovereign immunity on this claim and is subject to the adversary proceeding instituted by the trustee. The renewed motion to dismiss must be denied.

The court does not alter its opinion that if a proof of claim was required, the court would find that a proof of claim had not been asserted sufficient to constitute a waiver of sovereign immunity. *In re Craftsmen, Inc.*, 163 B.R. at 93. The rewriting of § 106 supports the court's earlier decision.

The court need not address the constitutional questions and other issues raised by the trustee because of its application of the 1994 amendments.

Based on the foregoing analysis,

**IT IS ORDERED** that the renewed motion to dismiss is **DENIED.**